UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CAMERON BARRAGAN, and<br>DIAMOND PRICE, *Individually and as*<br>*Next Friend of Cameron Barragan, A Minor*,<br><br>*Plaintiffs*,<br>v.<br><br>LIBERTY COUNTY MUTUAL<br>INSURANCE COMPANY,<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | EP-19-CV-00050-DCG |

## MEMORANDUM ORDER

On this day, the Court *sua sponte* considered the above-captioned and -numbered action. On February 8, 2019, Defendant Liberty County Mutual Insurance Company ("Defendant") filed a "Notice of Removal" (ECF No. 1) to remove a suit styled *Cameron Barragan and Diamond Price, Individually and as v. Liberty County Mutual Insurance Company*, docketed under Cause No. DC-18-18061 (the "State-Court Action") from the 162nd Judicial District Court of Dallas County, Texas, to this Court—the El Paso Division of the United States District Court for the Western District of Texas. Defendant states that prior to filing this Notice of Removal, it filed, in the state court, a motion to transfer venue to Hays County, which, according to Defendant, is the proper venue.[1] Notice of Removal at 1 n.1, ECF No. 1. However, out of an abundance of caution, states Defendant, it filed two notices of removal—one with this Court and the other with the Northern District of Texas. *Id.*

---

[1] Defendant states that the State-Court Action involves an automobile accident that occurred in Hays County, Texas, Notice of Removal at 2—which is within the Austin Division of the United States District Court for the Western District of Texas, *see* 28 U.S.C. § 124(d)(1). Plaintiffs assert state law claims for breach of contract and violations of the Texas Insurance Code. Pls.'s Original Pet. at 5–6, ECF No. 1-1.

The removal statutes provide that a civil action pending in state court, unless Congress expressly decides otherwise, can only be removed by a defendant "to the district court of the United States for *the district* and division *embracing the place where the action is pending*." 28 U.S.C. § 1441(a) (emphasis added). The State-Court Action was filed in the Dallas County, Texas, which falls within the Northern District of Texas—not the Western District of Texas. *Compare* 28 U.S.C. § 124(a)(1), *with id.* § 124(d). As such, the action was removed to the wrong district (as well as wrong division). "As the state action was removed to the [Western] District of Texas in violation of the general removal statute, remand to state court is required." *Ratcliff v. Ratcliff*, No. 3:15-CV-1289-L, 2015 WL 1959060, at *3 (N.D. Tex. Apr. 30, 2015) (*sua sponte* remanding the improperly removed action to state court).

Accordingly, **IT IS ORDERED** that the above-captioned and -numbered action—as removed to this Court—is **REMANDED** to the 162nd Judicial District Court of Dallas County, Texas.

**IT IS FURTHER ORDERED** that the Clerk of this Court shall **MAIL** a certified copy of this Order to the District Clerk of Dallas County, Texas.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

So ORDERED and SIGNED this 12th day of February 2019.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE